UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JOSHUA O'NEAL VINCENT                                          MOVANT/DEFENDANT

v.                                                    CRIMINAL ACTION NO. 1:10CR-4-M

UNITED STATES OF AMERICA                                       RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

Movant Joshua O'Neal Vincent filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 88). The Court reviewed the § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon review, the Court directed Movant to show cause why the § 2255 motion to vacate, set aside, or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations (DN 90). Movant has responded to the Court's show cause Memorandum and Order (DNs 91 & 92). Upon review, for the reasons set forth below, the Court will dismiss this action as untimely.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On January 20, 2010, Movant was indicted on various gun and drug charges (DN 1). After pleading guilty to Counts 1 through 4 of the Indictment, a Judgment and Commitment was entered against Movant on December 22, 2010 (DN 57). No appeal was filed. Movant filed this present § 2255 motion on July 16, 2012. In his § 2255 motion, Movant states that he is "no angel" and is "guilty of the gun charges," but he contends that he is innocent of the drug charges. The two drug Counts to which Movant pleaded guilty are Possession of Pseudophedrine With

Intent to Manufacture Methamphetamine and Possession of Equipment, Chemicals, and Materials Used to Manufacture Methamphetamine.

According to Movant, the Barren County Sheriff, Chris Eaton, was the one who initially arrested him and was the one who led the criminal investigation of his case. Movant states that at the time of his arrest he requested Sheriff Eaton to test pills and a tank that were discovered at the scene. Movant asserts that Sheriff Eaton told him that a field test had been done on the pills and tank. Movant states that he was with Sheriff Eaton the entire time the Sheriff searched the property and Movant did not see the Sheriff perform any such test. According to Movant, if the pills and tank had been tested, the results would have shown that they did not contain chemical precursors of methamphetamine, thus proving that he was actually innocent of the two possession charges to which he pleaded guilty. Movant further states that Sheriff Eaton told Movant that he would arrest Movant's brother, wife, and other members of his family if he did not plead guilty. Because of the Sheriff's intimidation, Movant states that he lied and gave a statement that the Sheriff dictated to him.

Thereafter, according to Movant, he was indicted by a federal grand jury on the gun and drug charges. He requested his counsel to make sure the "feds" tested the pills and tank because if they did, it would be known that they did not contain precursors to the manufacture of methamphetamine. Movant contends that he told his attorney that he wanted to go to trial on the "meth case but plead guilty to the guns." Counsel, according to Movant, advised him that he could not plead guilty to some charges and go to trial on others and "that if he went to trial he would get a life sentence and never get out of prison." Movant contends that this coercion by his counsel, in part, convinced him to enter the guilty plea.

Movant contends that his attorney was ineffective. He further contends that he was coerced by his attorney and Sheriff Eaton into making a confession and pleading guilty. He contends that he is actually innocent of the drug charges to which he pleaded guilty. Movant bases his claim of actual innocence on his own statement that he is actually innocent of the drug charges and the fact that on "March 14, 2012 Sheriff Chris Eaton, along with four of the Barren County deputies were indicted by a federal grand jury . . . for the offenses of deprivation of rights and tampering with witness." Movant argues that the fact that Sheriff Eaton is under indictment for "acts that would constitute lying about the evidence" in a case is enough to justify an inquiry as to his claim of actual innocence in this case.

Further, Movant states that he failed to timely file the present § 2255 motion because he was in the Special Housing Unit [SHU] "at the time of the deadline" and in "March, 2012." He states that he had no way to file any motions or any access to a legal aid to help him file anything.

## II. LEGAL ANALYSIS

Because the § 2255 motion was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA sets forth a statute of limitations for federal prisoners seeking release from custody. The statute provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's Judgment and Commitment was entered December 22, 2010 (DN 57). No appeal was filed. Under § 2255(f)(1), the one-year limitations period, therefore, began running on January 5, 2011,[1] and expired one year later on January 5, 2012. Because Movant did not file his § 2255 motion until July 16, 2012, the motion is time barred under § 2255(f)(1).

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1005-07 (6th Cir. 2001). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the movant must establish that he has been pursuing his rights diligently. And second, the movant must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Movant fails to set forth any facts to show that he was pursuing his rights diligently. He does not provide the Court with any efforts he made to pursue his case between the time of his Judgment and Commitment in December 2010 until July 16, 2012, when he filed his § 2255

---

[1] At the time Movant was sentenced, the appeal period was 14 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 2009), and the intermediate weekends and legal holidays were counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2009).

motion. Movant's failure to establish that he has been pursuing his rights diligently is reason enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-448, 2012 WL 1658877, at *5 (S.D. Ohio May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

However, Movant also fails to show extraordinary circumstances prevented his timely filing. Movant's argument that he did not have access to a legal aid to help him file anything is unavailing. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *Nhan Hoang Le v. Harrington*, No. SACV 10-1825-ODW (MAN), 2011 WL 3812619, at *6 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their pervasiveness, would create the potential for endless tolling . . . .").

Likewise, Movant's argument that he was in the Special Housing Unit [SHU] "at the time of the deadline" and in "March, 2012" and had no way to file any motions is also unavailing. He

5

does not indicate what length of time he was in the SHU and why his being housed there would prevent him from filing a motion with this Court. Furthermore, in one of Movant's responses to this Court's show cause Order, Movant states that he was in the SHU at the time he wrote and filed the response (DN 92). Clearly, Movant was able to file documents with the Court while incarcerated in the SHU. Movant has failed to persuade the Court that he is entitled to equitable tolling.

Movant also makes a claim of actual innocence. The statute of limitations in § 2255(f) may be equitably tolled when a movant makes a credible claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298 (1995). "Sufficient showings of actual innocence are rare and the exception reserved for extraordinary cases." *McDonald v. Warden, Lebanon Corr. Inst.*, 482 F. App'x 22, 32 (6th Cir. 2012); *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). Movant has the burden of proving actual innocence. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter v. Jones*, 395 F.3d at 590. To make out a credible claim of actual innocence, Movant is required to support his allegation with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id*. at 316; *Connolly v. Howes*, 304 F. App'x at 417. Newly discovered

evidence is evidence which could not reasonably have been presented to the trier of facts. *Townsend v. Sain*, 372 U.S. 293, 317 (1963). In the present case Movant does not argue any new facts or present new reliable *evidence.* Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

For these reasons, the Court concludes that this action is untimely.

### III. CERTIFICATE OF APPEALABILITY

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the motion was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

7

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: January 13, 2013

*Joseph H. McKinley, Jr., Signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

*cc:* Movant, *pro se*
United States Attorney, WDKY
4414.003